UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 3:06-cv-219 JWS |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| ONE 2004 FORD F350 PICKUP TRUCK, | ) | (Re: Motion at docket 13) |
| VIN 1FDWF37L14EC82504, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

At docket 10, plaintiff applied to the Clerk for the entry of default of Ken Embley, Tom Embley, and Thomas P. Ranes. As a result of what appeared to be discrepancies in the paperwork, the application was addressed by the assigned judge. After reviewing the motion, the court issued an order at docket 12 which denied the motion seeking the entry of default of Ken Embley, and Tom Embley. The court relied on the fact that Ken Embley and Tom Embley had filed an answer at docket 7. The court also asked plaintiff's counsel to explain why he had represented to the court "the Embleys had not answered the complaint."[1]

The order at docket 12 requested additional information regarding the adequacy of service on Thomas P. Ranes, erroneously identified in the order at docket 12 as "Kevin R. Ranes." The court's concern was that service was made by mail, but it was not made by restricted delivery as required by Rule 4(h) of the Alaska Rules of Civil Procedure. Ordinarily, service by mail in this district must conform to the requirements of Alaska's rule by virtue of Fed. R. Civ. P. 4(e). Recognizing that the case at bar was a

---

[1] Doc. 12.

forfeiture related to a criminal prosecution, the court afforded plaintiff an opportunity to show that service was adequate.

Counsel for plaintiff immediately responded to the order with a motion for reconsideration at docket 13. Plaintiff's motion raises several concerns. Plaintiff's first point is that the order erred when it referred to "Kevin R. Ranes" rather than Thomas P. Ranes. Plaintiff is correct; the reference should have been to Thomas P. Ranes.

Plaintiff's second point is that counsel did not represent to the court that the Embleys had not answered the complaint. That is not precisely correct. The motion at docket 10 asks for the entry of default of "Ken and Tom Embley for failure to plead, answer, or otherwise defend, as required by law." The court took this statement at face value and assumed that it would find no responsive pleading or motion on the docket. Examination of the docket, however, disclosed that an answer had been filed by Ken Embley and Tom Embley at docket 7. The court should have taken a more thorough look at all of the relevant papers. A footnote on the bottom of the last page of counsel's supporting affidavit[2] explained that the basis for the application with respect to the Embleys was the failure to file a verified statement of interest, because an answer actually had been filed. When all the papers, including the footnote, are read as a whole, it is seen that plaintiff's counsel did not make a false representation to the court. That said, it bears emphasis that the very point upon which relief is being sought should not be relegated to a footnote.

Plaintiff's next point is that because Ken Embley and Tom Embley did not file a verified statement of interest–the court interprets this to mean a verified claim, their answer is insufficient to avoid the entry of default. Plaintiff is correct. Rule G of the Supplemental Rules governs forfeiture actions in rem arising under a federal statute. It requires both an answer (or Rule 12 motion) **and** a verified claim.[3] The time has run and no verified claim has been filed. While attachment 4 to the complaint which is also referenced in the Embley's answer is a verified statement, it stops short of asserting a claim. Rather, it says only that as of June 2006, an accountant hired by the Embleys

---

[2] Doc. 11.

[3] Rule G(5)(a) requires the verified claim. Rule G(5)(b) requires the answer.

was attempting "to determine what if any amount paid for or toward this property was legitimate business funds."[4] Sufficient time has elapsed for the Embleys to file a verified claim, if the accountant's work provided any basis for doing so. Neither of them has done so. Plaintiff is entitled to the entry of the default of Ken Embley and Tom Embley.

With respect to Thomas P. Ranes, the issue is whether service of the notice required by Rule G was sufficient. Plaintiff's response points out that service of such notice must comply with Rule G(b)(iii). It does comply with Rule G(b)(iii)(B), because the notice was mailed to counsel for Mr. Ranes in the related criminal case. The indication in the order at docket 12 that Rule 4(h) of the Alaska Rules of Civil Procedure would apply is incorrect, because Rule 4(e) of the Federal Rules of Civil Procedure governing service of process does not apply to the service of a notice under Rule G.

For the reasons above, the motion at docket 13 is **GRANTED**. The Clerk will please enter the default of Thomas P. Ranes, Ken Embley, and Tom Embley.

DATED at Anchorage, Alaska, this 7th day of November 2006.

                                                          /s/
                                     JOHN W. SEDWICK
                        UNITED STATES DISTRICT JUDGE

---

[4] Doc. 1, Ex. 4, Petition for Remission or Mitigation of Forfeiture, at p. 3.